```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SALLY HELCH,                      )
                                  )
                                  ) CIVIL ACTION NO. _____
     PLAINTIFF,                   )
                                  )
          vs.                     )
                                  )
CMC II INVESTORS LLC              )
t/d/b/a CONSULATE HEALTH CARE,    )
and/or CONSULATE HEALTH CARE      )
OF CHESWICK, and/or CONSULATE     )
HEALTH CARE OF NORTH STRABANE     )    JURY TRIAL DEMANDED
                                  )
DEFENDANT                         )
```

**COMPLAINT**

AND NOW COMES, the plaintiff, Sally Helch, by and through her attorneys, Lawrence D. Kerr, Esq., Claire E. Throckmorton, Esq., and Tremba, Kinney, Greiner & Kerr, LLC, and files the within complaint averring as follows:

**INTRODUCTION**

1. This action is brought under the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12111 *et seq*. ("ADA"). Plaintiff-employee, a skilled care nursing facilities admission director, alleges that defendant-employer refused to accommodate her disability, and then fired her because she requested an accommodation.

1

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331.

3. This Court has federal question jurisdiction because her claims under the ADA arise from a federal statute. 28 U.S.C. § 1331.

4. This Court has personal jurisdiction over the defendant because its contacts with Pennsylvania and this federal judicial district meet the requirements necessary to satisfy the notions of fair play and justice established in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945).

5. Venue is proper under 28 U.S.C. § 1391 because the defendant regularly conducts business in this judicial district, and the plaintiff's claims arise from events which occurred in Washington County, Pennsylvania.

6. The plaintiff has properly exhausted her administrative remedies by filing a timely Charge of Discrimination with the Pittsburgh Office of the Equal Employment Opportunity Commission and then filing this complaint within 90 days of her receipt of the Dismissal and Notice of Rights.

**PARTIES**

7.   Plaintiff Sally Helch ("Ms. Helch") resides at 3 Randy Lane, Pulaski, Mercer County, Pennsylvania 16143.

8.   Defendant CMC II Investors LLC, t/d/b/a Consulate Health Care, and/or Consulate Health Care of Cheswick, and/or Consulate Health Care of North Strabane (collectively "Consulate") is a Florida limited liability corporation with an office and principal place of business at 800 Concourse Parkway, Suite 700, Maitland, Orange County, Florida 32751.

9.   At all times relevant to this complaint, Consulate employed more than fifteen employees.

10.   Consulate's website states:

> Consulate Health Care is a national leading provider of senior healthcare services, specializing in post-acute care. We offer services ranging from comprehensive short-term rehabilitation and transitional care to Alzheimer's and dementia care. Consulate Health Care began as a small provider in Cheswick, PA with a strong focus on patient needs. We haven't waivered from that focus, which has strengthened our family and allows us to sustain jobs in many communities, create rigorous systems of care and deploy technology that makes it easier to understand patient needs. Even as we've grown to become the sixth-largest provider in the nation and the largest in the Sunshine State, it's the little things we do while fulfilling our mission statement of "Providing Service with Our Hearts and Hands" that really make the difference. From visiting with our patients while they eat, to pulling up the sheets to just the right height, our employees care for patients like family, not because it's their job, but because it's their calling.

11.   On February 8, 2016, Consulate hired Ms. Helch as a Multi-Facility Director of Admissions.  She was a clinical

3

liaison based in the inner city hospitals. She accessed and pushed referrals to the four facilities in that region.

## FACTUAL BACKGROUND

12. Paragraphs 1 through 11 are incorporated.

13. Ms. Helch's salary was $75,000 per year. Her office was located at 200 Tandem Village Road, Canonsburg, Washington County, Pennsylvania 15317.

14. On March 11, 2016, Ms. Helch injured her left arm and shoulder when she slipped on water while meeting with potential referral sources at UPMC Presbyterian Hospital.

15. She filed a worker's compensation claim and received medical treatment.

16. Her orthopedic doctor diagnosed her with a tear in her left shoulder and tendonitis in her left elbow.

17. He told her it could take three years to heal, but if it doesn't, she may need surgery.

18. He permitted her to return to work but restricted her from overhead lifting and, more significantly, driving.

19. Her disability affected her major life activities such as sleeping, driving, and working.

20. Over the ensuing months, Ms. Helch was in constant pain.

21. While at times she was able to meet and exceed the demand of her job, her disability diminished her ability to do her job.

22. She could not drive to her appointments.

23. She had to attend physical therapy, which adversely affected her ability to perform her job.

24. Consulate failed to afford her a reasonable accommodation.

25. On September 28, 2016, Ms. Ashley Griffith, Consulate's Regional Director of Admissions and Ms. Helch's supervisor, gave Ms. Helch a verbal performance improvement plan.  During the conversation, Ms. Helch informed her that her work-related disability was impeding her ability to perform her job.

26. Later that day, Ms. Griffith issued Ms. Helch the written performance improvement plan attached at Exhibit A.  Ms. Griffith concluded by writing:

> Unfortunately, we have come to a decision that if satisfactory results are not met by the timeline specified in each, that the process will continue and a formal write up will be given.  Sally Helch, I am confident that you can reach these expectations if you focus on the company's policies and systems that are currently in place.  You need to know every day what is happening at Consulate Health Care of Cheswick both in the market and in the facility to offer input and strategies for the facility personnel as to what they can do differently to help the center achieve census goals.  I am available to offer input or assistance for whatever you may need, please do not hesitate to

contact me.

27. Ms. Helch handwrote an acknowledgment receipt of the plan by signing it.  She annotated it:

> Ashley
>
> I wanted to note that due to my injury and convalescence I am not at 100%. I continue my home therapy while doing the best I can at completing my job functions.
>
> Thank you, Sally Helch

28. Two days later, September 30, 2016, Ms. Griffith fired her.

29. While she was explaining why Ms. Helch was being fired, Ms. Griffith said she did not like what she had annotated at the end of her performance plan so that was one of the reasons she was being fired.

30. Ms. Griffith stated, "We take your injury into consideration, but Consulate needs more from you".

31. On October 20, 2016, Ms. Helch mailed a completed and signed Intake Questionnaire to the Pittsburgh EEOC.  She alleged that she was not afforded a reasonable accommodation under the ADA and was terminated in retaliation for stating that her disability prevented her from being 100% efficient.  Her EEOC Charge was dual-filed with the Pennsylvania Human Relations Commission.

32. On June 19, 2017, the EEOC sent Ms. Helch the Notice

of Right to Sue, attached as Exhibit B.

33. When her administrative remedies ripen under the Pennsylvania Human Relations Act she will seek this Court's permission to amend this complaint to add a supplemental claim under the PHRA.

34. Mrs. Helch has made good faith efforts to mitigate her damages.

### COUNT I— TITLE I OF THE ADA—WRONGFUL DISCHARGE

35. Paragraphs 1 through 34 are incorporated.

36. Consulate is an "employer" under the ADA because it employs 15 or more employees who work each work day in 20 or more calendar weeks.

37. Ms. Helch is "disabled" within the meaning of the ADA due to her medically diagnosed left elbow and shoulder injuries which restrict her major life activities.

38. Ms. Helch is "qualified" within the meaning of the ADA.

39. Ms. Helch suffered an adverse employment action due to her disability when Consulate fired her after she informed it that her disabilities were impeding her ability to perform her job.

40. Ms. Helch could have performed her essential job functions with a reasonable accommodation.

41.     As a result of Consulate's unlawful actions, Ms. Helch suffered damages which include, but are not limited to, loss of back and front pay, loss of earnings potential, loss of career opportunities, loss of future earnings, lost benefits past and future, damage to her personal and professional reputation, aggravation to her pre-existing mental condition, emotional distress, humiliation, embarrassment, inconvenience, and loss of life's pleasures.

**WHEREFORE,** Ms. Helch respectfully requests judgment against Consulate in an amount that will compensate her for her injuries and damages resulting from Consulate's violation of her rights under the ADA, and award her reinstatement, back pay and, if appropriate, front pay, lost wages, past and future, loss of future earnings and earnings capacity, loss of career opportunities, loss of employee benefits, past and future, severe emotional distress, pain and suffering, embarrassment, humiliation, damage to personal and professional reputation, punitive damages, court costs, expense of litigation, expert witness fees, reasonable attorney's fees, prejudgment interest, as well as any other further legal and equitable relief the Court deems just and appropriate under the ADA.

## COUNT II – ADA--FAILURE TO AFFORD A REASONABLE ACCOMMODATION

42.     Paragraphs 1 through 41 are incorporated.

43. Consulate is an "employer" under the ADA because it employs 15 or more employees who work each work day in 20 or more calendar weeks.

44. Ms. Helch is "disabled" within the meaning of the ADA diagnosed left elbow and shoulder injuries which restrict her major life activities.

45. The ADA requires employers to engage in an interactive process with individuals with disabilities to evaluate how their condition may be accommodated.

46. The ADA requires employers to make reasonable accommodations to the known physical limitations of individuals with disabilities unless it imposes an undue hardship.

47. Consulate knew of Ms. Helch's disability.

48. Consulate failed to properly engage in the ADA interactive process and accommodate her disability.

49. Consulate would not have suffered an undue hardship in providing Ms. Helch with a reasonable accommodation.

50. As a result of Consulates's unlawful actions, Ms. Helch suffered damages which include, but are not limited to, loss of back and front pay, loss of earnings potential, loss of career opportunities, loss of future earnings, lost benefits past and future, damage to her personal and professional reputation, aggravation to her pre-existing mental condition,

emotional distress, humiliation, embarrassment, inconvenience, and loss of life's pleasures.

**WHEREFORE,** Ms. Helch respectfully requests judgment against Consulate in an amount that will compensate her for her injuries and damages resulting from Consulate's violation of her rights under the ADA, and award her reinstatement, back pay and, if appropriate, front pay, lost wages, past and future, loss of future earnings and earnings capacity, loss of career opportunities, loss of employee benefits, past and future, severe emotional distress, pain and suffering, embarrassment, humiliation, damage to personal and professional reputation, punitive damages, court costs, expense of litigation, expert witness fees, reasonable attorney's fees, prejudgment interest, as well as any other further legal and equitable relief the Court deems just and appropriate under the ADA.

                                      Respectfully submitted,

                                      TREMBA, KINNEY, GREINER & KERR, LLC

Date: __9/12/17_____     By:  /s/ Lawrence D. Kerr, Esq._____
                                          Lawrence D. Kerr, Esq.
                                          PA I.D. #58635

                                          /s/ Claire E. Throckmorton, Esq.
                                          Claire E. Throckmorton, Esq.
                                          PA I.D. #321125
                                          Attorneys for Plaintiff
                                          302 West Otterman Street
                                          Greensburg, PA 15601